UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**KENNETH DYE,**
    **Plaintiff,**

vs.                                                                  05- 03264

**ANDREW TILDEN, et al.,**
    **Defendants.**

**OPINION**

The Plaintiff, Kenneth Dye brings this lawsuit pursuant to 42 U. S. C. Section 1983 against Andrew Tilden, a physician at Stateville Correctional Center (hereinafter SCC); Robles Gonzalez, a physician at Pinckneyville Correctional Center (hereinafter PCC); KB, a nurse at PCC; Rosalina, a physician at PCC; R. Hitcheus, a medical technician at Pontiac Correctional Center (hereinafter Pontiac); and Arthur Funk, Balatovic and Trainor, physicians at Pontiac. Before the court are the defendants, R. Hitcheus's summary judgment motion [41] and Dr. Arthur Funk's summary judgment motion [50], pursuant to Rule 56 of the Federal Rules of Civil Procedure, and the plaintiff's responses [47] and [56], respectively.

**Standards**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.56(c); *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)*; Herman v. National Broadcasting Co., Inc.*, 744 F.2d 604, 607 (7th Cir. 1984), *cert. denied*, 470 U.S. 1028 (1985).  In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party.  *Beraha v. Baxter Health Corp.,* 956 F.2d 1436, 1440 (7th Cir. 1992). Further, this burden can be satisfied by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.  If such a showing is made, the burden shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Outlaw*, 259 F.3d at 837. A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position.  *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994).  Credibility questions "defeat summary judgment only '[w]here an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility.'" *Outlaw*, 259 F.3d at 838, *citing* Advisory Committee Notes, 1963 Amendment to Fed. R. Civ. P. 56(e)(other citations omitted).

Fed. Rule Civ. Pro. Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359 (7th Cir. 1988). A "metaphysical doubt" will not suffice. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Disputed facts are material only if they might affect the outcome of the suit. *First Ind. Bank v. Baker,* 957 F.2d 506, 507-08 (7th Cir. 1992). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, *247-248, 106 S.Ct. 2505, 2510 (1986).

Furthermore, the court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

The merit review standard is the same as a motion to dismiss standard. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389

---

[1]Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

(7th Cir. 1972).

## Background and Allegations

The plaintiff filed this lawsuit initially in the United States District Court for the Northern District of Illinois on April 11, 2005. This court takes judicial notice that on September 30, 2005, a status hearing was held before Judge Rebecca R. Pallmeyer in the Northern District of Illinois. At that time, Judge Pallmeyer entered an order finding that the plaintiff's claims arising out of conduct at Stateville were untimely, and therefore transferred the case to the United States District Court for the Central District of Illinois.

According to allegations the plaintiff made in his amended complaint, while incarcerated at Stateville Correctional Center, he experienced intense burning pain in his chest and abdomen and an irregular heartbeat. This occurred in October of 2000. The plaintiff sought medical attention from Dr. Tilden, who was at that time a physician at Stateville. The plaintiff claims Dr. Tilden failed to take any steps necessary to identify or treat "this obviously serious health condition."

In October of 2001, the plaintiff was transferred to PCC. There, the plaintiff continued to suffer from symptoms including, but not limited to, episodes of sharp, burning chest pain, along with gastrointestinal discomfort. A nurse, K.B. Dr. Robles-Gonzales and Dr. Rosalina were made aware of these symptoms. The plaintiff claims that rather than treat these ailments, they administered him anti-psychotic drugs meant for another prisoner. The plaintiff claims these drugs not only failed to treat the pain in his chest and abdomen, they may have actually aggravated his heart condition.

On June 5, 2002, the plaintiff was transferred to Pontiac. The plaintiff claims his condition declined rapidly. He experienced extreme pain resulting from the loss of blood flow and oxygen to his heart. Within months, his heart problem was so aggravated that he could barely walk 25 yards without needing to sit down. The plaintiff claims that despite their knowledge of his increasingly severe condition and history, the defendants, Hitcheus, Dr. Balatovic, Dr. Funk and Dr. Trainor failed to take the necessary actions to identify and treat his serious health condition. As a result of the defendants' failure to provide him with the necessary medical treatment, on the afternoon of May 6, 2003, the plaintiff collapsed in his cell, suffering from intense, unbearable chest pain. The plaintiff was taken to a local hospital for treatment and then to St. Joseph Hospital in Bloomington, Illinois, where doctors performed an emergency surgery.

## Undisputed Facts

1. The plaintiff, Kenneth Dye, is an inmate incarcerated within the Illinois Department of Corrections.
2. The incidents that gave rise to this lawsuit occurred while the plaintiff was incarcerated at Stateville, PCC and Pontiac Correctional Centers.
3. The plaintiff filed this lawsuit initially in the United States District Court for the Northern District of Illinois on April 11, 2005.

4.  On September 30, 2005, a status hearing was held before Judge Rebecca R. Pallmeyer in the Northern District of Illinois. At that time, Judge Pallmeyer entered an order finding that the plaintiff's claims arising out of conduct at Stateville were untimely, and therefore transferred the case to the United States District Court for the Central District of Illinois (See this court's docket of 10/18/05, docket entry 28.)
5.  On or about April 6, 2006, the plaintiff answered Dr. Arthur Funk's discovery.
3.  In an interrogatory, plaintiff was asked to identify what alleged misconduct of this defendant he was seeking recovery for, and also to state the dates thereof. (See interrogatory #2, attached to Dr. Funk's motion [50] as Exhibit A.)
4.  In his response to that interrogatory, the plaintiff identified four dates upon which he claims Dr. Arthur Funk committed some sort of misconduct. Those dates were October 9, 2001, October 7, 2002, October 9, 2002 and November 13, 2002. (See plaintiff's answers to interrogatory #2 attached Dr. Funk's motion [50] as Exhibit B.)
5.  The plaintiff filed a grievance regarding his medical care on April 22, 2004. This grievance was denied and the plaintiff appealed to the director. The administrative review board returned the grievance as it was "not submitted in the time frame outlined in Department Rule 504. (See plaintiff's exhibit attached to his response [47].)
6.  In his April 22, 2004 grievance, the plaintiff complained that he had received a copy of his medical records on February 25, 2004 so that he could have a copy of them when he was released from incarceration. He also complained that while reviewing his medical records, he noticed how slow the doctors were in responding to his complaints of burning in his chest, stomach pain and "gas build up." He complained that "the doctor here is very unprofessional in his work. He should be discipline before he causes somebody to get really sick or loose (sic) their (sic) life." The plaintiff did not provide specific dates of complaint in his grievance.

Further, based on allegations made by the plaintiff in his complaint, Tilden's alleged misconduct took place in October 2000. K.B., Dr. Robles-Gonzales and Dr. Rosalina's alleged misconduct took place in October 2001. The court notes that the plaintiff did not provide specific dates of treatment, but the court reasonably assumes that the alleged misconduct did not take place after June 5, 2002 as the plaintiff was transferred from Stateville, the defendants' place of employment, to Pontiac. Hitcheus, Dr. Balatvic and Dr. Trainor's alleged misconduct took place after June 5, 2002 and the court reasonably assumes since the plaintiff was taken to the hospital for emergency surgery, not later than May 3, 2005.

Defendant, Hitchens, has filed a motion for summary judgment based on the plaintiff's failure to exhaust his administrative remedies. Attached to that motion is an affidavit from Melody J. Ford, Chairperson of the Office of Inmate Issues for the Illinois Department of Corrections, stating that she had searched the Administrative Review Board's records with regard to plaintiff and no grievances were found in the records for Mr. Dye and his medical treatment for any heart condition. Plaintiff filed a response to that motion which included a copy of an April 22, 2004 grievance and an "Administrative Review Board Return of Grievance or Correspondence" which stated that no further action would be taken by the Administrative Review Board because plaintiff's appeal was not submitted in the time frame outlined in Department Rule 504.

## Conclusion

The court finds that the plaintiff has failed to exhaust administrative remedies. Pursuant to the Prison Litigation Reform Act, the plaintiff is required to exhaust his administrative remedies prior to filing suit. Specifically, the Act provides that "no action shall be brought with respect to prison conditions under § 1983 of this title or any other Federal law, by a person confined in any jail, prison, or other correctional facility until such administrative remedies which are available are exhausted." 42 U.S.C. §1997e(a). In order to exhaust a prisoner's administrative remedies, he must not only file a grievance, but he must also appeal any unfavorable decision to the administrative review board. 20 Ill.Admin.Code 504.850. Exhaustion of administrative remedies includes appealing any denial of a grievance within the time periods set forth by the Administrative Regulations. The Seventh Circuit has taken a strict compliance approach to exhaustion. A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case and the prisoner's claim can be indefinitely unexhausted. Dole v. Chandler, 438 F.3d 804 (7th Cir. 2006). Put another way, to exhaust remedies, "a prisoner must file complaints and appeals, in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir.2002).

After reviewing the facts as alleged by the plaintiff in his complaint, the undisputed facts and the plaintiff's April 22, 2004 grievance, it is clear that in his grievance, the plaintiff was complaining about the alleged misconduct outlined in his complaint. Now the plaintiff is attempting to say that he was not aware of the alleged misconduct until he received his medical records on February 25, 2004, but that is clearly not the case. On May 6, 2003, when the plaintiff collapsed in his cell, suffering from intense, unbearable chest pain and then was taken to a local hospital for treatment and then to St. Joseph Hospital in Bloomington, Illinois, where doctors performed an emergency surgery, he was aware of the previous medical treatment provided by the defendants. The plaintiff then had 60 days to file a grievance regarding the defendants' alleged misconduct. However, the plaintiff did not file a grievance until April 22, 2004, almost a year later. The Seventh Circuit has held that a prisoner's grievance which is rejected solely on
the basis of untimeliness will not fulfill the exhaustion requirement. *Conyers v. Abitz*, 4016 F.3d 580 (7th Cir. 2005). In this case, the Administrative Review Board explicitly returned plaintiff's grievance with no further action because it was not submitted in the time frame outlined by the department rule. The plaintiff has not exhausted his administrative remedies and therefore is barred from bringing this case in federal court. See 42 U.S.C. §1997e(a).

Alternatively, as noted above, the plaintiff, in his answers to interrogatories, has stated that the alleged misconduct on the part of Dr. Funk took place no later than November 13, 2002. Further, based on allegations made by the plaintiff in his complaint, Tilden's alleged misconduct took place in October 2000 and not later than October 2001. K.B., Dr. Robles-Gonzales and Dr. Rosalina's alleged misconduct took place between October 2001 and not later than June 5, 2002. The Seventh Circuit has specifically held that Illinois's two-year statute of limitations is the appropriate statute of limitations with regard to § 1983 claims. 735 ILCS 5/13-202; s*ee Lucien v. Jockisch*, 133 F. 3d 464, 466 (7th Cir. 1998). The plaintiff did not file his lawsuit in the Northern District of Illinois until April 11, 2005, after the statute of limitations expired for Dr.

Funk, Tilden, K.B., Dr. Robles-Gonzales and Dr. Rosalina.  As plaintiff did not file this suit within the statute of limitations, his claims are barred against these defendants.

Alternatively,

**It is therefore ordered:**

1. Pursuant to Fed. R. Civ. Pro. Rule 56 and 42 U. S. C. §1997e(a), the defendant, R. Hitcheus' summary judgment motion is granted.  Pursuant to Fed. R. Civ. Pro. Rule 56, 735 ILCS 5/13-202 and *Lucien v. Jockisch*, 133 F. 3d 464, 466 (7th Cir. 1998), defendant, Dr. Funk's summary judgment motion [50] is granted.  The clerk of the court is directed to enter judgment in favor of Hitcheus and Dr. Funk and against the plaintiff.  Further, pursuant to 28 U.S.C. §1915A, 735 ILCS 5/13-202, *Lucien v. Jockisch*, 133 F. 3d 464, 466 (7th Cir. 1998), and 42 U.S.C. §1997e(a), Tilden, K.B., Dr. Robles-Gonzales and Dr. Rosalina.  Pursuant to 42 U.S.C. §1997e(a), the plaintiff's entire lawsuit is terminated.
2. Any remaining matters and motions are rendered moot.
3. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

**Enter this      day of February 2007.**

s\Harold A. Baker

_____
**HAROLD A. BAKER
UNITED STATES DISTRICT COURT**